977 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymundo RODRIGUEZ-GARCIA, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70442.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1992.*
Decided Oct. 21, 1992.
 
 Before JAMES R. BROWNING, DAVID R. THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymundo Rodriguez-Garcia admitted his deportability under the Immigration and Nationality Act ("INA") and applied for a discretionary waiver of deportation, which was denied by the Immigration Judge. The Board of Immigration Appeals ("BIA") dismissed the appeal. This court has jurisdiction under 8 U.S.C. § 1105a and we affirm.
 
 
 3
 The BIA's decision to deny Rodriguez-Garcia's request for a waiver of deportation is reviewed for abuse of discretion. It may be set aside "only if the Board fail[ed] to support its conclusions with a reasoned explanation based upon legitimate concerns." Vargas v. Dep't of Immigration and Naturalization, 831 F.2d 906, 908 (9th Cir.1987).
 
 
 4
 The BIA requires a showing of "outstanding equities" in favor of an applicant for discretionary relief where the applicant's record shows a serious negative factor, such as a pattern of serious criminal activity, see In re Buscemi, Interim Decision 3058 (BIA 1988), or a serious drug-related conviction, see In re Marin, 16 I. & N. Dec. 581, 586 n. 4 (1978); Ayala-Chavez v. INS, 944 F.2d 638, 641 (9th Cir.1991). Each case must be judged on its own merits, and the exercise of discretion
 
 
 5
 requires consideration of all the facts and circumstances involved. There must be a balancing of the social and humane considerations presented in the alien's favor against the adverse factors evidencing his undesirability as a permanent resident.
 
 
 6
 In re Buscemi, Interim Decision 3058. The BIA noted in Marin, however, that "one or more of these adverse factors may ultimately be determinative of whether section [1182(c) ] relief is in fact granted." 16 I. & N. Dec. at 584.
 
 
 7
 The BIA held the seriousness of the crimes committed by Rodriguez-Garcia required him to demonstrate outstanding equities to merit a waiver of deportation, and concluded he had failed to make such a showing. Contrary to Rodriguez-Garcia's assertions, the BIA considered all of the equities he relies upon, including the length of his stay in this country (21 years) and the strength of his ties with the child he fathered by his step-daughter. The Board found insufficient evidence of rehabilitation, noting that the psychological report on which Rodriguez-Garcia relied was more than six years old and that Rodriguez-Garcia had not pursued psychological treatment as recommended in his pre-sentence report. The commission of two very serious crimes of moral turpitude weighed heavily against Rodriguez-Garcia.
 
 
 8
 While the BIA found the length of time Rodriguez-Garcia had been in the country to be an outstanding equity in his favor, it nevertheless decided that, given the severity of the crimes, a waiver of deportation was not warranted. Because the BIA supported its conclusions with "a reasoned explanation based upon legitimate concerns," Vargas, 831 F.2d at 908, it did not abuse its discretion. Ayala-Chavez, 944 F.2d at 642.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3